## Case No. 15,936.

UNITED STATES v. ONE HUNDRED AND SEVENTEEN PACKAGES OF PLUG TOBACCO.

[10 Ben. 343.] [1]

District Court, S. D. New York. March, 1879.

NEW TRIAL — VERDICT AGAINST EVIDENCE — FORFEITURE FOR VIOLATION OF INTERNAL REVENUE LAWS.

A verdict in favor of the defendant, in a suit for forfeiture of goods for violation of the internal revenue laws, will not be set aside as against the evidence, though as to a small part of the goods proceeded against, the court entertains no doubt that upon the evidence the verdict is wrong.

Edward B. Hill, Asst. U. S. Dist. Atty.
Thos. Harland, for claimant.

CHOATE, District Judge. In this case, which is a suit by information against 117 boxes of tobacco, the forfeiture of the goods is sought for on the grounds that the stamps on the boxes were old stamps used a second time, and also that the stamps were not cancelled by the government die. The tobacco was manufactured in North Carolina, and consigned for sale to a commission merchant in New York, where it was seized. The jury have found a verdict for the defendant. The trial occupied three days. No exceptions were taken on the trial and the jury were out several hours. The plaintiff now moves for a new trial, on the ground that the verdict is against the weight of evidence. The evidence relied on by the government was the appearance of the stamps themselves, and the opinions of experts, upon which it is claimed to have been demonstrated that the stamps were old stamps and also that they were not and could not have been cancelled by the government die. On the part of the defence the claimant who manufactured and shipped the tobacco was called as a witness, and he swore positively that all the stamps used by him were new stamps, and that they were all cancelled by the government die. The deposition of his foreman was read to the same effect.

As to the evidence on the question whether the stamps were old stamps or not, it is clear that it cannot be claimed that the proofs of the government were so overwhelming that they proved the point beyond all doubt. The testimony of the claimant, as to the mode in

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

which they were attached, and as to their being occasionally torn and re-pasted and re-varnished, and the evidence as to the usage the boxes had received, was such as to make it clearly improper, against the positive testimony of the claimant and his foreman, to disturb the verdict, however confident was the opinion of the experts on this question, and however suspicious the appearance of the stamps themselves.

On the other question, there is more ground for the motion. The testimony of the manufacturer of the government dies, and other testimony, as well as the inspection of the cancellations themselves, on two or three of the boxes, leave no doubt in my mind that the cancellations on these boxes were made by some other instrument than a government die. On the claimant's part, it is proved that during a part of the time, during which the tobacco was shipped, and, so far as anything positively appears to the contrary, during the time these two or three boxes were shipped, he had a government die which was injured, and which he afterwards surrendered to the internal revenue officers. This die, though in the possession of the government officers in North Carolina, was not produced on the trial, although the United States district attorney for North Carolina attended the taking of depositions in that state, and the fact of the imperfection in that die was then testified to by the witnesses examined. One of the points made by the claimant's counsel upon the trial, was that the injury to that die would account for the alleged irregularities in the appearance of these cancellations. I am not able to say that from any evidence in the case these irregularities could have been so caused. Indeed, they are of a character quite distinct from any effect which the injury shown to have been sustained by that die would have produced. Upon the whole testimony, I think the verdict on this point, as to the two or three boxes referred to, is so decidedly against the weight of the evidence that, were this an ordinary case between parties to a controversy for the recovery of money or property, it would be the duty of the court to grant a new trial, that the question might be submitted to another jury.

But the case is of such a character that it would not be proper, nor in accordance with the decisions of the courts, to disturb the verdict. The proof above referred to extended to but two or three out of one hundred and seventeen boxes. It is true that the testimony of the government's witnesses was to the general effect that all the stamps showed more or less of the same suspicious appearances that were observed and pointed out on the seven or eight boxes exhibited to the jury, in respect to the re-use or unlawful cancellation of the stamps; and it is true that as the tobacco was all held in the same store for sale, on account of the

claimant, it was sufficient to prove the charge against one box to ensure the forfeiture of the whole. But nevertheless, the forfeiture of goods not proved to have been unlawfully stamped or unlawfully cancelled, because found with other guilty goods, is a proceeding highly penal in its character, though doubtless justified by good reasons of public policy. Even if the proof were equally strong against all the boxes, the decided weight of authority is that the court should not grant a new trial in an action for a forfeiture, where the verdict is for the defendant. Within the meaning of the rules relating to new trials, I think an action of this character is clearly a penal action. And no precedent is cited which justifies the granting of this motion. On the contrary, it has been often held that the court will not disturb a verdict for the defendant, where there has been no misdirection, in an action where the effect of the verdict is to shield the defendant from a penalty. Ranston v. Etteridge, 2 Chit. 273; Rex v. Mann, 4 Maule & S. 337; Brook v. Middleton, 10 East, 268; Brooke v. Middleton, 1 Camp. 450; Comfort v. Thompson, 10 Johns. 101; Baker v. Richardson, 1 Cow. 77; Hall v. Green, 24 Eng. Law & Eq. 453. And especially where, as in this case, the government might have made a stronger case by the production of evidence in its possession. and the value of the goods actually inculpated is very trifling, and the cost and expense incurred by the claimant in defence of the action has been large, and he can in no event recover his costs, the impropriety of disturbing the verdict is obvious.

A motion is also made on the part of the plaintiff, for a certificate of probable cause. This is opposed on the part of the claimant. But I think it clear that the appearance of the stamps on these boxes was such as to justify the seizure, as one based on probable cause for forfeiture.

Motion for new trial denied. Motion for certificate of probable cause granted.